# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

DAVID VOYLES, Register No. 176039, )
                                                                         )
              Plaintiff, )
                                                                      )
                 v. )   No. 08-4089-CV-C-SOW
                                                                     )
DAVE DORMIRE, et al., )
                                                                     )
              Defendants. )

## REPORT, RECOMMENDATION AND ORDER

On May 22, 2008, defendants Baker and Swartz filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies.[1] Defendants state plaintiff filed an informal resolution request and a grievance, but did not complete the grievance appeal process prior to filing suit. Defendants also assert plaintiff's initial informal resolution request was not timely filed. Plaintiff did not respond to the motion, but stated in another response that his grievance appeal had been denied. (Doc. 26.)

Section 1997e(a) of 42 United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005 Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2,

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Plaintiff has filed documents indicating he does not consent to the Magistrate's jurisdiction. Plaintiff is advised that the referral from the district court permits the undersigned to issue reports and recommendations on substantive issues, but the final ruling on those issues will be made by the district court judge assigned to this case. Nondispositive procedural matters, however, may be ruled directly by the magistrate.

Offender Grievance, No. III(M)(12) (March 11, 2005). Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).

Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Here, in a document unrelated to defendants' motion to dismiss for failure to exhaust, plaintiff has asserted his grievance appeal was denied. Plaintiff has not submitted a copy of that denial, and the court does not have any evidence indicating it was completed prior to plaintiff's filing this lawsuit. The court assumes plaintiff would have submitted it along with his other grievance documents if he had received a grievance appeal response when he filed suit and submitted exhibits.

Pursuant to 42 U.S.C. § 1997e and Eighth Circuit case law, dismissal is mandatory when an inmate has not exhausted all of his administrative remedies prior to filing suit. Plaintiff may refile suit on these claims if he has exhausted, or after he has exhausted, his administrative remedies. He will, however, be required to pay the full filing fee. 28 U.S.C. § 1915. If plaintiff exhausted his administrative remedies by receiving the grievance appeal response prior to May 1, 2008, when he filed this suit, he should submit a copy of the document so this report and recommendation may be vacated.

Also pending is a motion to dismiss filed by defendant Dormire. Defendant asserts plaintiff has failed to state a claim because defendant cannot be held liable under a respondeat superior theory and he was not personally involved in plaintiff's health care. Plaintiff responded in opposition to defendant's motion.

2

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008).

In his complaint, plaintiff alleges he needs "orthopedic prescribed packer boots and pain medication for [a] loose plate in [his] ankle." (Doc. 1.) He states defendant Swartz denied him the requested boots and defendant Baker refused to refer him for an orthopedic consultation. He indicates he has worn the boots for numerous years.

Plaintiff's only allegation with regard to defendant Dormire is that he was aware of plaintiff's request or need for treatment because of his grievance, and defendant did not take corrective action. The general responsibility for supervising prison operations is not sufficient to create liability under 42 U.S.C. § 1983. Likewise, liability is not imposed for medical or diagnostic decisions when the warden or superintendent lacks medical expertise and relies upon the opinion of medical professionals. Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). In this case, plaintiff has not alleged facts showing the personal involvement of defendant Dormire, other than signing a grievance response, and thus, he has failed to state a claim for relief against defendant Dormire.

On September 19, 2008, plaintiff filed a motion to compel. His motion is actually a motion for preliminary injunctive relief directing the medical defendants to provide him with

3

the boots or to take him to an independent specialist for treatment. In light of the recommendation above that plaintiff's complaint must be dismissed for failure to exhaust administrative remedies, plaintiff's motion of September 19, 2008, should also be denied. The court notes plaintiff's motion does not indicate an emergency situation or that he will be irreparably harmed, and he has not shown a likelihood of success on the merits in this proceeding.

On September 22, 2008, defendants Baker and Swartz filed a motion to continue the deadline for filing dispositive motions or, in the alternative, requesting that a new scheduling order be issued. Upon consideration, it is

ORDERED that if this case survives the motion to dismiss, the parties shall submit a proposed new scheduling order within twenty days after a ruling denying the motion. [30] It is further

RECOMMENDED that defendants' motion of May 22, 2008, to dismiss be granted and plaintiff's claims be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies prior to bringing this lawsuit. [10] It is further

RECOMMENDED that defendant Dormire's motion of June 19, 2008, to dismiss for failure to state a claim against him be granted. [15] It is further

RECOMMENDED that plaintiff's motion of September 19, 2008, to compel, treated as motion for preliminary injunctive relief, be denied. [28]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

4

Dated this 20th day of November, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5